UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN T. HIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-12605-PBS |
| | ) |
| CITY OF MELROSE, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
[Docket No. 16]

June 17, 2019

Boal, M.J.

Defendant City of Melrose has moved to dismiss pro se plaintiff John T. Higgins' complaint. Docket No. 16.[1] For the following reasons, this Court recommends that the District Judge assigned to this case grant the motion.

I.   FACTS[2]

On December 20, 2018, Higgins filed his complaint, using a model form for pro se litigants. Docket No. 1. In the section asking him to identify the basis for jurisdiction, Higgins chose federal question. Id. at 3. In the section asking him to identify the applicable federal statutes, federal treaties, and/or provisions of the United States Constitution giving rise to the

---

[1] On April 2, 2019, the District Court referred this case to the undersigned for full pretrial management, including report and recommendation on dispositive motions. Docket No. 18.

[2] Because this case is before the Court on a motion to dismiss, the Court takes as true all well-pleaded allegations in the complaint and draws all reasonable inferences in Higgins' favor. See Morales-Tañón v. P.R. Elec. Power Auth., 524 F.3d 15, 17 (1st Cir. 2008).

1

case, Higgins wrote "STATE AUTHORITY VS MUNICIPAL AUTHORITY." Id.

In support of his claims, Higgins alleges that:

> City of Melrose authorized tow of my car to Stephan's [sic] Auto Body on Tremont St. Melrose. My claim is that city tow/hold authorization is not valid, because land on side of train tracks is state property, and as such, city needs state authorization before towing vehicle.

Docket No. 1 at 4.

Higgins named as defendants the City of Melrose and Stephen's Auto Body & Towing Services. Id. at 2. It is not clear whether he also intended to name Gail Infurna, the Interim Mayor of Melrose, and Stephen Longmuir, the principal of Stephen's Auto Body & Towing, as defendants in this action. See id.

## II. ANALYSIS

The City of Melrose moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject-matter jurisdiction and pursuant to Rule 12(b)(6) on the grounds that Higgins' complaint fails to state a claim.

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). Therefore, this Court first addresses the jurisdictional issue.

### A. The Defendant's Motion To Dismiss Based On Lack Of Jurisdiction

Federal courts are courts of limited jurisdiction. Destek Group, Inc. v. State of New Hampshire Pub. Util. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The party claiming that there is jurisdiction carries the burden of showing that the court has jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

In his complaint, Higgins asserts that the Court has subject-matter jurisdiction on the

basis of a federal question. Docket No. 1 at 3. A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be stated "on the face of the plaintiff's well-pleaded complaint." Lopez-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (citations omitted). Higgins has failed to state what law or statute the Defendants allegedly violated. In the section asking for the basis for federal question jurisdiction, he wrote only "STATE AUTHORITY VS MUNICIPAL AUTHORITY." It appears that Higgins is alleging that the City of Melrose violated state law when it towed his car when it was parked in land allegedly owned by the state, and not the city. Such a claim does not present a valid federal question. Therefore, Higgins has failed to properly invoke federal question jurisdiction.[3]

Only the City of Melrose[4] has moved to dismiss the complaint. However, as the Court lacks jurisdiction, the case should be dismissed in its entirety.[5]

B. Motion To Dismiss For Failure To State A Claim

1. Standard Of Review

A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3] Higgins could not assert diversity jurisdiction because he and the defendants are all residents of Massachusetts. See Docket No. 1 at 1, 2, 3, 4.

[4] Higgins has filed a motion to have the Court serve the complaint on the defendants. Docket No. 8. In light of the recommendation of dismissal for lack of jurisdiction, this Court has denied the motion.

[5] In addition, Higgins has filed a motion to terminate defendant Stephen's Auto Body & Towing. This Court recommends that motion be granted should the District Judge disagree it lacks subject-matter jurisdiction over the entire case.

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citing Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (citations omitted).

A document filed by a pro se party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). See also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

2. The Complaint Fails To State A Claim

The nature of Higgins' claims is not clear. It appears that he is alleging that the City of Melrose violated an unspecified state law or statute when it towed his car while parked in land allegedly owned by the state, and not the City. However, pursuant to M.G.L. c. 90, § 20A ½ and M.G.L. c. 40, § 22, municipalities such as the City of Melrose may regulate parking. See

Commonwealth v. Dobbins, 344 Mass. 272, 273 (Section 22 authorizes municipalities to regulate parking). Higgins has not alleged any facts to support a claim that the City was not authorized to tow his vehicle and has not specified which law or statute was allegedly violated.[6]

Although pro se pleadings are liberally construed, the burden is on Higgins to set forth plausible claims upon which relief may be granted and to provide sufficient notice to the defendants of his claims. Ateek v. Massachusetts, No. 11-11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011) (citing to Rule 8 of the Federal Rules of Civil Procedure). The Court cannot fashion claims for Higgins. "The failure to identify a particular legal theory . . . places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." Id. Accordingly, Higgins' complaint fails to state a claim.

III.  RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case grant the City of Melrose's motion to dismiss and dismiss the complaint.

IV.  REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such

---

[6] This Court has not considered the Affidavit of Amanda Marcotti (Docket No. 16-2). See Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008) (citation omitted) ("Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated in the complaint . . .").

5

objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge